*550 OPINION of the Court, by
Ch. J. Bibb.
-Harrison, as assignee of the sheriff of Nelson, declared in debts against Newhouse, Hubbard, Brashear, Peak and Coo-Reri f°r six hundred dollars ; in which he set forth & writ of capias, sued in the Nelson circuit court by him against said Newhouse, in debt, for three hundred* dollars, which was duly served ; that one Wm. Dodson, became special bail for said Newhouse in the said-ac-¿ion; that on the 17th of March 1808, he, the said Harrison, recovered judgment in the action aforesaid against said Newhouse, for the sum of three hundred *551 áoílars, with interest, Stc. and costs; that on the 19th of the said month, in the court aforesaid, the said Wm. Dodson surrendered said Newhouse, in discharge of his recognizance, in court, and the said Newhouse was praved and ordered into custody, as by the record and proceedings m the said action had and remaining it ap-peareth, a certified copy whereof is now to the court shewn ; and afterwards, to wit, on the 23d of said month, at. &c. the defendants, by their writing obligatory, sealed, &c. and she wn, &c. bound themselves in the aforesaid sum of six hundred dollars, to William Rogers, as sheriff of Nelson county, &c. that he the said Newhouse should keep himself within, and not depart without the bounds or prison rules of the jail of said county of Nelson, until discharged by due course of law ; upon which the said Newhouse was released from close prison and suffered to go in and out of the said prison at pleasure : and the plaintiff avers that the said Newhouse did on the —>— day of —— escape from the said prison, and break the said prison rules, without being discharged by due course of law therefrom, and without satisfying and paying the debt, interest and costs aforesaid. The assignment by the said sheriff, of the said obligation, (the same being then due and unpaid) is set forth as made to the plaintiff, and notice thereof to the defendants ; by virtue whereof, and of the statute in such cases, an action accrued to the plaintiff to have the said sum of six hundred dollars, fkc. and then the breach, is assigned in nonpayment, Stc.
o{ ju(lgmeñt upon which the . cw” ¡^* “ c“^ meafure of di-
cred-t ;s not ‘[ouad to prove any ⅛0, threaten! ed the debtor c°0peut hl!rl£nt0 menCj ¡snoex" cuse forescape,
After demurrer, joinder, and judgment of the court against the demurrer to the declaration, the defendants withdrew their demurrer by leave of the court, and pleaded nil debet, to which the plaintiff demurred and the defendants joined in demurrer ; and thereupon the court gave judgment in favor of the demurrant, and overruled the plea.
By leave of the court, the defendants pleaded that said Newhouse did not break and depart out of the said prison rules without being discharged by due course of law, and of this they put themselves on the country-— and the plaintiff did the like.
They farther pleaded, that they had not broken the conditions of said obligation, &c.; and upon this, issue was likewise joined to the country.
*552 The defendants then offered as a plea, that the plain* tiff had sustained no damage by the departure of said Newhouse from the prison bounds : and they farther offered as á plea, that the plaintiff threatened, in the hear* ing and presence of said Newhouse, and before his departure from the bounds, to put him in close confinement, on his, the said plaintiff’s execution, for the purpose of inducing said Newhouse to break the bounds ; by reason whereof said Newhouse departed from the bounds, as in the declaration is alleged : wherefore they pray judgment. Which two last mentioned matters offered as pleas, were rejected by the- court ; to which the defendants took a bill of exceptions.
The jury were sworn to try the issues jomed, anti found the debt in the declaration, to be discharged by the payment of three hundred and 32 dollars lé cents.
Before the jury retired, the defendants tendered a bill of exceptions, which was sealed and enrolled, by which it appears they moved the court to instruct the jury that if the plaintiff had proved said Newhouse had broken the bounds, yet he was notentiiled to maintain his action, “ until he could shew he had sustained damage by being delayed in his suit,” the defendant being in custody after judgment and not prayed in execution. Which instruction the court refused, being of opinion the plaintiff was entitled to recover without shewing special damage.
The defendants moved for a new trial, which motion was overruled ; to which the defendants tendered a bill of exceptions, stating the evidence at large, which bill was sealed and enrolled : judgment was then rendered for the plaintiff, according with the verdict, to which the defendants prosecute this writ of error.
The matters assigned for error may be arranged under the following heads :
1st. That the declaration does not contain matter sufficient in law to support the judgment.
2d. That “the bond on which the declaration was filed was illegal and void.”
3d. The court erred in the several points set forth in the bills of exception taken before verdict.
4th. The coutt erred in refusing a new trial.
As to the objection to the declaration, we can see no just ground for it. The cause of action is set forth with *553 Sm aptitude, precision, clearness, method, arrangement as to the order of time, truth, conciseness and substance, and at the same time a degree of attention to approved form, which do great credit to the draftsman.—(See 2 Saund. 187, a. Wms. note 2, to the case of Roberts vs. Mariett, and 1 Saund. 58, Gainsford vs. Griffith, note 1.)
In the bond for keeping the prison rules, we can see no illegality. The declaration shews the said New-house was lawfully in custody ; he had a right to the prison rules, according to the act relating to county courts, &c. and requiring the justices to lay out the bounds and rules of their respective county prisons.— (See Litt. E. L. K. p. 376, 1 vol. § 6.) Upon referring to the bond itself, as contained in the bill of exceptions to the opinion of the court in overruling the motion for a new trial, we find no defect or illegality ; it is taken to the sheriff, as lawfully it may be, and recites the cause for which it was taken, the authority by which the sheriff detained the said Newhouse in custody. If the suggestion of its illegalitv was predicated upon a supposition that because the debtor was not charged in execution at the time, that therefore he had no right to demand the prison rules upon tender of sufficient security, and therefore that the sheriff had no authority to take it, such a supposition is repelled by the sixth section of the act of 1796, to reduce into one the several acts establishing county courts and for other purposes in the said actas before cited. But independent of this act, we could not give so narrow and illiberal a construction to the act of 1796, concerning executions, (1 Litt. E. L. K. p. 547, § 26) as to deprive the prisoner of the humane and liberal provisions of the legislature concerning prison bounds and rules, by saying that when prayed into custody after final judgment, he must remain in close jail, at the mercy of his creditor, until he would charge his debtor in execution.
The third general head, embraces the two sham pleas offered by the defendants, and the motion for an instruction to the jury which embraced the same matter offered in one of those sham pleas. The court below entertained very correct ideas of these matters, and this court might well pass them by without farther remark. They will however observe, for the information and *554 satisfaction of the attorney who moved them, that h'y breach of the condition of the bond by Newhouse, the bond became a security for the debt adjudged against Newhouse in favor of the plaintiff in that action, as also for the interest and costs therein adjudged. 2dly, That any threats used by the plaintiff ought to have been disregarded by Newhouse, who was under the protection of the law and in custody of the officers of the law, not in the custody of his threatening creditor.
The evidence stated in the bill of exceptions affords no room for doubt as to the propriety of the verdict. The proceedings against Newhouse in the first action, his being prayed into custody upon the surrender of the bail, were subjects not in issue or denied by the pleadings ; the only question was as to the breach of the prison rules and bounds, of which the plaintiff' gave satisfactory evidence. The question which was stirred at the bar respecting the time of charging the debtor in execution, when prayed into custody after judgment, does not occur, because the evidence proves an escape on the eighteenth day. The defendants offered no evidence in avoidance, discharge or inficiation. The court therefore very properly overruled the motion for a new trial.-Judgment affirmed, with costs.