New trial to be granted.

---

## THE NEW-HAVEN BANK *against* MILES and another.

The obligation assumed by bail to the sheriff in civil actions, is, to surrender the principal, or satisfy the judgment, which the plaintiff may lawfully recover, not exceeding the penalty of the bond.

Therefore, where the sheriff, on a writ of attachment, in an action for fraud, demanding 600 dollars damages, took a bail bond for 1000 dollars ; and the plain-

*New-Haven,*
July,
1825.

N. H. Bank
*v.*
Miles.

tiff, within the three first days of the term of the court to which the writ was returnable, amended it, by permission of the court, but without the consent of the bail, by encreasing the demand of damages from 600 to 1200 dollars; in an action on the bail bond, after judgment for the plaintiff in the original action, and the avoidance of the principal, it was held, 1. that such amendment did not exonerate the bail; and 2. that the rule of damages was the amount of the judgment, not exceeding the penalty of the bond.

This was an action of debt on a bail bond for 1000 dollars; the condition of which was—" That whereas *Frederick Pearl* was attached, at the suit of *The President, Directors and Company of the New-Haven Bank,* in the sum of 1000 dollars, by writ dated the 10th of *December,* 1822, to appear before the county court to be holden at *New-Haven,* on the third *Tuesday* of *March,* 1823 ; now, if the said *Frederick Pearl* shall appear before said court according to said attachment, the above obligation shall be void."

The declaration in the suit against *Pearl,* was for fraudulently offering for discount and putting off to the plaintiffs, two promissory notes, one for 500 dollars, dated *October* 14th, 1822, the other for 1000 dollars, dated the 7th of *December,* 1822, both signed by *Pearl,* payable to the order of *Miles,* and purporting to be indorsed by *Miles* and another person, when in fact the indorsements had been forged by *Pearl ;* whereby the plaintiffs were greatly deceived and injured, to their damage 600 dollars. By virtue of a writ of attachment, connected with this declaration, *Pearl* was arrested ; and to obtain his liberation, the defendants gave the bond in suit to the sheriff, who assigned it to the plaintiffs. Within the three first days of the court to which the suit was brought, the plaintiffs, by leave of the court, but without the consent of either of the present defendants, amended their declaration, by erasing all the allegations in regard to the note for 500 dollars, and by erasing from the conclusion in damages the word " six," and inserting, in lieu thereof, the word "twelve." Judgment was then rendered against *Pearl,* by default, for the amount demanded ; and execution issued, and was duly returned *non est inventus.* In the superior court, the defendant, *Miles,* pleaded these matters in bar ; and the plaintiffs demurred to the plea. The case was then reserved for the advice of this Court as to the judgment to be rendered.

*R. S. Baldwin,* for the plaintiffs, after remarking, that it was not pretended, there was any fraud, on the part of the plaintiffs ;

and that the amendment was legally, and, as appears by the judgment, properly made; contended, 1. That the bail bond was given, by the defendants, to stand as a security, in lieu of the body of *Pearl*, for the amount the plaintiffs might legally recover in the suit. The right to amend, being given by the statute, was known to the defendants, when they gave the bond; and they assumed, by the terms of their bond, a responsibility to that amount.

Had *Pearl* possessed personal property to the amount of 1000 dollars, (the sum required to be attached) the sheriff would have been bound to take it; and that amount would always have been liable in the hands of the officer or receipter, to respond the damages. If personal property to that amount could not be found, the sheriff would not have been justified, had he omitted to take the body. The body, therefore, being taken, in lieu of the property required to be attached, the bail, in whose custody it was left, justly incur the same responsibility on their bond, as the sheriff or receipter would, if property had been taken, or as the sheriff would, if he had neglected to take bail.

2. That the sheriff, if he had neglected to take bail, would, on avoidance of the debtor, have been liable to the extent of the sum directed to be attached, if the damages and costs amounted to so much; and the bail bond being taken as security to the sheriff, the liability of the bail must, to the extent of their bond, be co-extensive with his. *Mitchell & al.* v. *Gibbons*, 1 *H. Bla.* 76. *Fowlds* v. *Mackintosh*, 1 *Bla. Rep.* 233. *Heppel* v. *King*, 7 *Term Rep.* 370. *Stevenson* v. *Cameron*, 8 *Term Rep.* 28. And the rule of damages must be the same, whether the sheriff sue in his own name, or assign the bond to the creditor.

The rule in *England* is well settled, that bail to the officer are liable to the whole debt and costs, if within the penalty of their bond, though exceeding the sum sworn to, or stated in the *ac etiam.* 1 *Sell. Pract.* 180. and the cases before cited.

*N. Smith*, for the defendant *Miles*, contended, 1. That the plaintiffs were not entitled to recover at all on the bond in suit. The rights of the parties are to be determined, by the state of things, which existed at the time the bond was given. It was with a view to this state of things, that *Miles* executed the bond. He knew that *Pearl* had been arrested under a writ of attachment in an action of fraud, demanding 600 dollars. He was

New-Haven,
July,
1825.

N. H. Bank
*v.*
Miles.

willing to become bail for him to that amount. The alteration of the writ, encreasing the amount of damages demanded, altered the terms of the contract, and extended the liability of the bail, subjecting him to responsibilities, which he did not contemplate. In the language of Lord *Holt*, " bail should know what they came bound for, and not be saddled with more ;" " the bail, of necessity, must relate to the writ ;" " and it would be extremely hard to ensnare the bail to a greater sum than is mentioned in the writ." *Garibaldo* v. *Cagnoni*, 6 *Mod.* 266. In *Parsons* v. *Ely & Parsons*, 2 *Conn. Rep.* 377. 379. it was decided, that in all cases of attachment, where a bond is required by law, a material alteration of the writ will destroy it ; and the reason given is, that " it will cease to be the writ on which the bond was taken ; and to permit such an alteration might subject the person giving the bond to responsibilities that he did not contemplate." It is not a sufficient answer to this topic of argument, that the amendment in question was *lawfully* made ; and that *Miles*, when he gave the bond, *knew* that the plaintiffs would have a right to make it. If *A.* guarranty a contract between *B.* and *C.*, he knows, at the time, that *B.* and *C.* may lawfully alter that contract ; but if they do alter it, without the consent of *A.*, is *A.* liable on his guaranty ?

2. That if the plaintiffs are entitled to judgment, they can recover nothing more than the amount of damages claimed at the time of giving the bond. *Genbaldo* v. *Cognoni*, 1 *Salk.* 102. S. C. more at large, by the name of *Garibaldo* v. *Cagnoni*, 6 *Mod.* 266. 3 *Bla. Comm,* 287, 8.

The counsel for the plaintiffs, in reply, were stopped by the Court.

PETERS, J. The defendant, *Miles*, contends, 1. that the amendments made in the suit againtst *Pearl*, exonerated the bail ; or 2. that the plaintiffs can recover no more damages than they originally demanded.

1. The amendment of this declaration was matter of right, not dependent, like other amendments, on the discretion of the court. This right is given by statute. " The plaintiff may amend any defect, mistake or informality in the writ or declaration, without costs, within the three first days of the term of the court, to which it is returnable ; provided such amendment shall not change the form or the ground of the action." *Tit.* 2. *sect.* 33. This right was well known to the defendants, when they gave the bond ; and their assent to the exercise of that

*New-Haven,*
July.
1825.,

N. H. Bank,
*v.*
Miles.

right was thereby implied. The amendment was, then, lawfully made. It did not change the form or ground of the action, nor enhance the rule of damages, nor the amount of the bailbond, but merely corrected a clerical mistake, and enabled the plaintiffs to recover their just claim, as stated in the declaration. The judgment and execution were certainly valid against the principal, and were equally valid against his bail, to the extent of his bond. When a sheriff executes an attachment, it is his duty to take personal estate to the value required, to retain it as a pledge to satisfy the judgment, and deliver it up, when demanded on the execution. Would this plea justify his neglect? And if, for want of estate or bail, the body is committed to prison, and demanded within five days, (*Stat. tit.* 2. *sect.* 79 ) it would be a novel defence for the gaoler to say, "You have encreased the conclusion in damages, in your declaration, and I have discharged your debtor!"

Several cases have been cited, during the argument; but I have found none bearing directly on the question before us. Formerly, the extent of the liability of bail, was a matter of doubt. If one gave bail for another, he thereby became bail in all cases between the same plaintiff and defendant, at the same term. 1 *Sell. Pract.* 146. *Garibaldo* v. *Cagnoni,* 6 *Mod.* 268. Afterwards, if the plaintiff recovered a greater sum than was mentioned in the *ac etiam,* "he was bound to nothing." *Genbaldo* v. *Cognoni,* 1 *Salk.* 102. 1 *Sell. Pract.* 147. But in *Martin* v. *Moor,* 2 *Stra.* 922. where the *ac etiam* and bond were for 80*l. ad damnum* 150*l.,* and the verdict 104*l.* ; and there being a variety of opinions in the books, whether the bail should be liable *pro tanto,* or totally discharged, the court resolved, that as there was no colour to subject the bail for more than they were bound in; so there was no reason the plaintiff should suffer, by his moderation in taking bail ; but the recognizance should be considered as an agreement to pay 80*l.,* or deliver up the defendant. This rule, however, has been confined to bail above, [special] while bail below [to the sheriff] are considered liable to the extent of their bond. This distinction has not been adopted in this state; but we have always considered the bail bond an agreement to deliver up the principal, when reasonably demanded, or satisfy the judgment, which the plaintiff might lawfully recover, not exceeding the penalty of the bond.

The counsel for the defendants have referred us to *Parsons* v. *Ely* and *Parsons,* 2 *Conn. Rep.* 377. ; but it is wholly irrele-

*New·Haven,*
July,
1825.

N. H. Bank,
*v.*
Miles.

vant.   In that case, it was decided, that a material alteration of a writ, on which a bond was taken, after it was signed, and while a bond continued necessary, destroyed the writ as well as the bond.   The same point was decided, also, by this Court, in *Starr* v. *Lyon* & al. ante 538.

2. The defendants claim, that they are liable only for the sum originally demanded, if at all.   To this I answer, that if the bond be void, they are liable for nothing ; if valid, they are bound to satisfy the judgment, to the extent of their bond.

I advise, that judgment be rendered for the plaintiffs accordingly.

HOSMER, Ch. J. and BRAINARD, J. were of the same opinion.

BRISTOL, J. being interested in the event of the suit, gave no opinion.

Judgment to be rendered for plaintiffs.