## RICHARDS *versus* MORSE *& als.*

Where, in an action of *tort*, the defendant was arrested on the writ and committed to prison, but was subsequently released on giving bond to the plaintiff, in accordance with the provisions of § 17, c. 148, R. S.; and after judgment was recovered against him, neglected to comply with the conditions of the bond; — *Held*, that such bond was obligatory as a statute bond.

In a suit on *such bond*, the damages will be the amount of the judgment and costs of the action in which it was given, with the interest thereon.

ON FACTS AGREED.

DEBT, on a bond given by Joseph Morse, the principal, for release from imprisonment on *mesne process*, in an action of *tort*, in accordance with § 17, c. 148, R. S.

Judgment was rendered in that action against Morse, which has never been paid, nor did he within the time set forth in the condition of the bond, cite the creditor, or make any disclosure.

The case was submitted to the Court for a legal decision.

*Morrell*, for defendants.

The bond is such as is authorized, when the arrest is made on mense process founded on contract, under provisions of § 2, c. 148, R. S.

The action on which this bond was given was not founded on *contract*, and the arrest was not made in pursuance of the provisions of the above section.

The arrest was made under § 9, which authorizes the writ to issue against the body of defendant, and that he might be arrested and imprisoned, or give bail, as provided in c. 114.

The bond taken, was not the bond authorized and required by § 9, c. 148. This bond required other and different duties of defendant and imposed different penalties.

The bond authorized by § 17, is given as an *additional* privilege or right, to a person arrested on mesne process, founded on contract.

By sections 3, 4 and 5, provision is made for disclosure of such person, and by § 7, he may be discharged from arrest upon such disclosure ; and by the 17th §, he " may *also* be released from such arrest by giving bond."

Thus, a person *so* arrested, may procure his release by submitting himself to examination, &c. or he may *also*, in like manner, be released by giving bond.

And this provision is made for a person who stands to the plaintiff in the relation of *debtor*. It is a process for the relief of poor debtors. It is based upon the idea of what *power* a creditor should have over his debtor, and the specific relief a debtor should have when the creditor is pursuing him with legal process.

He may disclose before the magistrates, and procure his release from arrest, or he may give bond that he will disclose after final judgment, and in like manner be released.

The bond required by § 9, is distinguishable from this as a common bail bond, the primary meaning of which is, a specialty, providing for the appearance of the defendant at Court. Bouv. Law Dict., " Bail Bond."

It is also to be taken to the sheriff or officer serving the process.

*May*, for the plaintiff.

RICE, J. — This is debt on a bond given under the provisions of § 17, c. 148, by Joseph Morse, to the plaintiff, to procure his release from imprisonment, he having been arrest-

ed on mesne process in an action of *crim. con.* commenced against him by the plaintiff.

The defendant contends that this is not a statute bond, and that the action cannot be maintained; that he, having been arrested on mesne process in an action of tort, the only bond authorized by the statute is prescribed by § 95, of c. 114, and should run to the sheriff, with the condition, that the defendant should appear and answer to the suit; and abide the final judgment thereon, and not avoid.

It is also contended that the 17th § of c. 148, applies only to cases of arrest in actions originating in contract, express or implied, and when the relation of debtor and creditor exists.

Technically, a *tort feazor* is not a debtor, so long as the claim against him is in right of action merely, nor is a party having a claim against another, for a wrong done, a creditor, until that claim has been ascertained and the damages liquidated by a judgment. Before judgment, the relation of plaintiff and defendant exists, between parties thus situated, but not that of debtor and creditor. After judgment, and after the damages have thus been liquidated and determined, the defendant becomes the judgment debtor, and the plaintiff the judgment creditor.

By keeping these distinctions in view the application of the provisions of the statute become easy. In chapter 148, sections from two to eight, inclusive, the provisions relate to arrests on mesne process, in actions originating in contract, in which the relation of debtor and creditor exists. The *debtor* is therefore authorized to cite the *creditor* to hear him disclose, &c.

Section 9, authorizes arrests in actions not founded in contract and provides for a release by giving a bond to the sheriff according to provisions of § 95, c. 114.

Sections from 10 to 16, inclusive, provide for disclosure, &c., in cases where there has been no arrest.

Section 17, is as follows; "whenever any person shall be arrested or imprisoned on mesne process, in any civil action, he may be also released from such arrest by giving bond to

the plaintiff, with surety or sureties to the acceptance of the plaintiff, or approved by two justices of the peace and of the. quorum, of the county, where such arrest or imprisonment may be, in double the sum for which he is arrested or imprisoned; conditioned that he will within fifteen days after the last day of the term of the court at which the judgment shall be rendered in such suit, or after the day of the rendition of judgment if before a justice of the peace, notify the judgment creditor," &c., for purpose of disclosing.

These provisions, it will be observed, are broader and more comprehensive than those in the preceding sections, and apply to arrests on mesne process in all civil actions, whether originating in tort or contract. Hence the bond is not to the *creditor*, a term before judgment only applicable to actions in contract, but to the *plaintiff*, a term at all times, equally applicable, whether the action originate in contract or tort. Then, the condition of the bond is, to notify the *judgment* creditor, after the rendition of judgment, which applies as well to actions in tort as in contract.

From these considerations, we think the bond is a statute bond and that judgment must be for amount of the execution, interest and costs.

SHEPLEY, C. J., and TENNEY, APPLETON and CUTTING, J. J., concurred.