JOSEPH H. CLEVELAND, impleaded, etc.,

*v.*

OSCAR SKINNER *et al.*


1. SEVERAL DEFENDANTS — *default against one — mode of bringing the others into court.* In an action against several co-obligors in a bail bond where only one is served with the original summons, and against whom an interlocutory judgment by default is rendered, it is not necessary, in order to bring in the other co-obligors to answer in that suit, to resort to the writ of *scire facias*, but it may be done by the ordinary *alias* summons.

2. PLEADING *in an action against several — after default against one.* In such a case where one of the co-obligors, not served with the original summons, upon being brought in at a subsequent term of the court, by service of an *alias* summons, filed a plea simply denying his joint liability, intending thereby to present the question as to the effect of the judgment by default in destroying the joint character of the indebtedness, it was *held*, the plea was but a departure from the form of *nil debet*, which was not admissible in such an action, and could not properly draw into question the effect of the judgment by default.   Where matters exist *dehors* the pleadings, upon which a release or merger may be predicated, such matters must be incorporated into the plea.

3. BAIL — *surrender of principal — its effect in discharging the several sureties.*   When several become bound as bail, and suit is commenced upon the bond against all, the surrender of the principal, either by himself or by one of his bail before the return day of the original summons in that suit, would, upon notice and payment of costs, discharge all.

4. But if service of the summons be upon one only, and he, failing to make the surrender of the principal, becomes fixed as bail, and an *alias* summons is issued, but before the return day thereof another of the bail surrenders the principal, then, although such surrender will not discharge him whose liability is already fixed, yet, upon notice and payment of costs, will discharge not only the one making the surrender, but all his co-defendants not served with the original summons.

5. SAME — *pleading the surrender.*   The notice and payment of costs required by the statute are indispensable prerequisites to the discharge of the bail, and it is as essential that those facts should be averred in a plea designed to set up the surrender of the principal as a defense in an action on the bond as the fact and mode of the surrender itself.

6. SAME — *notice of surrender — its character.*   The notice required is not of the intention to make the surrender, but of the fact after it has been made.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of debt upon a bail bond, brought by appellees against Finch, as principal, and appellant, one P. R. Morgan and W. J. Chamberlain, as sureties.   The record contains no summons, but the declaration is entitled of the October term of the superior court, 1869.   On the 19th same month, Morgan's default was entered.   On the 1st November,

1869, Cleveland entered his appearance and filed four several pleas, in substance as follows: 1. That he did not owe the debt *jointly* with the other defendants.    2. That he was served with summons in this case on the 22d day of October, 1869, and on the 25th same month he, as bail, took Finch, the principal, into the circuit court of that county, the same being the court in which the proceedings were had against Finch, wherein the bail was given, and there, in open court, surrendered him into the custody of the sheriff, and the court ordered the surrender and commitment of Finch into custody of the sheriff to be entered of record.    Third plea substantially like the second.    Fourth plea like the second, except that a surrender was alleged to have been made in the superior court.

To the first plea the plaintiffs demurred.    To the second and third, replied, that after judgment in original suit, the issuing and return of *ca. sa.* upon that judgment, and on the 20th of September, 1869, they commenced this suit by summons against all the defendants, returnable to the October term, 1869, which was served by the sheriff on Morgan, the 22d September, and as to the other defendants, the sheriff, on the 4th October, 1869, made return that they were not found.    That on the 18th same month an *alias* summons was issued, which was the same writ served upon Cleveland on the 22d, and referred to by him in his plea, wherefore they alleged that the surrender, after the return of the original summons served upon Morgan, was invalid and nugatory.

To the fourth plea plaintiffs replied double: 1st. The same matter as to second and third pleas; and 2d. That the surrender in the superior court was without notice to them, and they were not present at the time.    Defendant Cleveland demurred to all of plaintiffs' replications specially.

The court sustained plaintiffs' demurrer to Cleveland's first plea, and overruled his demurrers to plaintiffs' replications, and rendered final judgment against appellant and Morgan.    Cleveland brings the case here by appeal, and he alone assigns error upon the record.

Messrs. KNOWLTON, JAMIESON & SCALES, for the appellant.

Mr. JOHN LYLE KING and Messrs. BACON & NORTON, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court :

The position taken by appellant's counsel, that after the judgment taken against Morgan, his co-defendants not served with the original summons could be brought in only by *scire facias,* is not tenable. That judgment was but the ordinary interlocutory judgment by default; and then a continuance to assess damages, which was done at the same time of assessing damages against appellant. This practice was regular and proper.

The only other questions requiring consideration arise upon the decision of the demurrers. The demurrer to appellant's first plea merely denying a joint indebtedness was properly sustained. A plea of *nil debet,* good in form, would not be admissible in this action. The plea in question was but a departure from the form of *nil debet.* It is a mere denial of the *operation* of the instrument, without denying its execution. It does not and could not properly draw into question the effect of the judgment by default against Morgan. Where matters exist *dehors* the pleadings, upon which a release or merger may be predicated, such matters must be incorporated into the plea. If the plaintiff, at the time of the judgment against Morgan, instead of taking it, had come into court and acknowledged, by entry of record, a release of Morgan, appellant could not avail himself of the release, by denying a joint liability, but to do so, should plead the release.

The remaining question arises upon the judgment of the court in overruling appellant's demurrer to appellees' replications. This question involves, not only the sufficiency of the replications, but of the pleas also. It is an established rule,

504          CLEVELAND *v.* SKINNER *et al.*          [Sept. T.,

Opinion of the Court.

that, upon the argument of a demurrer, the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance. 1 Chitty's Pl. 668.

The replications to the second and third pleas, and the first replication to the fourth, set up as matter of avoidance, that an original summons returnable on the 4th of October was served upon Morgan, one of the bail, on the 22d of September, and that the service mentioned in the pleas was of an *alias* summons issued on the 18th of October and returnable on the 1st Monday of November, and though the surrender set forth in the pleas was made before the return day of that summons, yet, inasmuch as no surrender could be made after the return day of the original, even by one not served with it, the surrender was, therefore, void. To these replications appellant demurred, and the demurrer was overruled. The replications were based upon an erroneous view of the statute, and, consequently, were bad. The whole subject of the law, as to the steps to be taken, and by whom, to discharge bail by surrender of the principal, is settled by the provisions of section 5, chapter 14 of the Revised Statutes. *Gear* v. *Clark*, 3 Gilm. 64.

By that section it shall be lawful for the defendant, in an action in any court of record, when bail shall have been given according to that chapter, to surrender himself, or for his bail to surrender him, to the court in which the suit may be pending, during the sitting thereof, or, in vacation, to the sheriff of the county in which the process was served, at any time before the return of the process which may be sued out against him as bail. If the surrender shall be made during the sitting of the court, an entry shall be made on the records of the court, stating the surrender and commitment of the defendant to the custody of the sheriff; if in vacation, the bail or principal shall obtain a certified copy of the bail bond from the sheriff or clerk, in whosesoever possession the same may be, and shall deliver himself, or be delivered by his bail, to such sheriff, who

shall indorse on the copy an acknowledgment of the surrender and file it in the office of the clerk of the court where the action is pending. When all this is done, the bail is not discharged, for the section proceeds thus: "Upon giving notice of the surrender, whether made in term time or vacation, to the plaintiff, or his attorney, and paying the costs of the action against the bail, if any have accrued, the bail shall be discharged from all liability; the defendant shall be committed to the jail of the county, there to remain until discharged by due course of law."

The construction we give to this section is, that when several become bound as bail, and suit is commenced upon the bond against all, the surrender of the principal, either by himself or by one of his bail, before the return day of the original summons in that suit, would, upon notice and payment of costs, discharge all. But, if service of the summons be upon one only, and he, failing to make the surrender of the principal, becomes fixed as bail, an *alias* summons is issued, but before the return day thereof another of the bail surrender the principal, then, although such surrender will not discharge him whose liability is already fixed, yet, upon notice and payment of costs, will discharge, not only the one making the surrender, but all his co-defendants not served with the original summons. This construction of the statute shows these replications to be bad.

The second replication to the fourth plea, alleging that the surrender in the superior court was made in the absence of the plaintiffs, and without notice to them, is likewise bad. The notice required by the statute is, not of the intention to make the surrender, but of the fact after it has been made.

It is, no doubt, a great hardship, and is one to which we are not insensible, but we are compelled to affirm this judgment. The appellees declared upon a bond duly executed by appellant and others. The declaration contained a cause of action. The pleas filed on behalf of appellant denied neither the execution or breach of the bond, but attempted, aside from the one

first pleaded, which we have already seen was bad, to set up the surrender of the principal as a discharge. In neither of the pleas setting up that defense is it averred that any notice of the surrender was given to the plaintiffs or their attorneys, or that the appellant, or any other person, had paid, or caused to be paid, the costs of the action against the bail. Indeed, so far from averring payment of costs, the pleas purport to be a defense to all the cause of action, except the costs. From this circumstance it is inferable, though of no consequence in deciding upon the pleas, that the costs of the suit against the bail were not, in fact, paid at all.

The notice and payment of costs required by the statute are indispensable prerequisites to the discharge of the bail, and it is as essential that they should be averred in the plea as the fact and mode of the surrender itself. As appellant's pleas were all bad, he was the party whose pleading was first defective in substance, and the judgment against him upon the demurrers was proper.

The judgment of the court below must be affirmed.

*Judgment affirmed.*