## Smith Cochran v. The People, for the Use of Martha E. Hunt.

### Gen. No. 13,788.

1. NE EXEAT—*character of proceeding.* The writ of *ne exeat* is a civil proceeding and the bond required to be given to exempt a defendant from incarceration and detention in the county jail thereunder is bail in a civil case.

2. BAIL BOND—*when recovery upon, will not be sustained.* In the absence of the issuance of a capias and a return thereon within ten days, as provided by section 20 of chapter 16 of the Revised Statutes, recovery upon a bail bond given in a proceeding by writ of *ne exeat* will not be sustained.

Action of debt. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1907. Reversed and judgment here. Opinion filed April 20, 1908.

FRANCIS M. LOWES and THOMAS MARSHALL, for plaintiff in error.

F. A. BINGHAM, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This writ of error is sued out to reverse a judgment for $327 and costs assessed as damages for the breach of the condition of a bond executed by plaintiff in error as surety for Hascall E. Hunt, the principal, and running to Thomas E. Barrett as sheriff of Cook county. This bond was given to release Hascall E. Hunt from further detention in the Cook county jail, where he was held under a writ of *ne exeat* issued at the instance of his wife, Martha E. Hunt.

Many questions are raised and argued under various assignments of error. But one question of those raised being of such controlling importance as to render a discussion of the remainder unnecessary, we shall confine our decision to this one point.

At the conclusion of the evidence of defendant in error in the Municipal Court, counsel for plaintiff in error moved the trial judge for a finding in his favor upon the following among other grounds:

"5th. The statutes of Illinois regarding bail bonds have not been complied with in this: there has been no issue of *capias* and return thereon within ten days before any given term to fix the liability of bail."

The whole matter rests upon the solution of the question whether or not the bond sued upon is a bail bond. Defendant in error contends that this bond is not a bail bond, and that section 20, chapter 16, R. S., title "Bail in Civil Cases," has no application. The section reads:

"Hereafter no suit shall be commenced upon any bail bond in any civil action, until a writ of *capias ad satis-faciendum* shall have issued against the defendant in the original action, directed to the sheriff of the county in which such defendant was arrested, and such sheriff shall have returned that the defendant was not found in his county. If any action shall hereafter be commenced upon such bond, and it shall not appear upon the trial thereof that the writ of *ca. sa.* was issued and returned in the manner hereinbefore mentioned, a verdict shall be found for the defendant. It shall also be necessary to charge bail that such writ of *ca. sa.* should be issued and delivered at least ten days before the return day thereof to the sheriff of the county, or officer to whom it may be directed; such sheriff or other officer shall endeavor to serve such writ upon defendant, any directions which he may receive from the plaintiff or his attorney to the contrary notwithstanding."

The *ne exeat* statute, chapter 97, R. S., in and by section 8 provides: "The writ of *ne exeat* shall contain a summons for the defendant to appear in the proper court and answer the petition or bill, and upon the writ being served upon the said defendant he shall give bond with surety,  *  *  *  and in default of giving such security he may be committed to jail, as in other cases for want of bail." Section 9 provides for a surrender of the defendant by the surety "in the

same manner that bail may surrender their principal and obtain the same discharge.''

The writ of *ne exeat* is a civil proceeding, and the bond required to be given to exempt a defendant from incarceration and detention in the county jail thereunder is bail in a civil case. The provisions of the statute referred to admit of no other interpretation. Such is but the reasonable interpretation upon the words found in the statute. The bond given for release of a defendant from the pains of imprisonment imposed by the command of the writ, is denominated in the *ne exeat* statute, bail, and a surrender of the principal by the surety is directed to be made in the same manner as in other cases where bail is given. A bail bond is ''a specialty by which the defendant and other persons become bound to the sheriff in a penal sum proportioned to the damages claimed in the action, and which is conditioned for the due appearance of such defendant to answer to the legal process therein described, and by which the sheriff has been commanded to arrest him.'' Bouvier's Law Dictionary, Vol. 1, p. 211. The bond in this record has the quality and requisites of a bail bond as defined by Bouvier, *supra*. It served the purpose of bail by releasing the defendant from the imprisonment which, but for it, he would have suffered. It is consequently a bail bond given in a civil case.

The statute, section 20, chapter 16, *supra,* makes it a condition precedent to the right of recovery upon a bail bond that a writ of *capias ad satisfaciendum* shall issue and be returned *non est inventus*. This statute is but an enactment of the rule at common law.

While it may not, under the Municipal Court Act, be necessary in the first instance to aver that the writ of *capias ad. res.* was issued and returned *non est inventus,* proof of these essentials to a recovery cannot be dispensed with. Murphy v. Summerville, 2 Gilm. 360.

The judgment of the Municipal Court is reversed, and as the trial was before the court without a jury,

we will do here what, in our judgment, the Municipal
Court should have done—enter a finding for plaintiff
in error, the defendant below.

*Reversed.*