## Marie Swierczynski, Appellant, v. Walter Swierczynski, Appellee.

### Gen. No. 35,068.

Opinion filed June 22, 1931.

Robert F. Kolb, for appellant.

No appearance for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

June 15, 1927, Marie Swierczynski filed a bill for divorce against her husband Walter, and thereafter on July 6 she filed a petition for a writ of *ne exeat*. The writ was ordered to issue and bond was fixed at $1,000. Defendant was arrested on the writ and gave $1,000 bond, on which Ursula Latecki and Bruno Latecki were sureties. The sheriff returned the writ showing that he had taken defendant into custody and that upon the giving of bond by defendant he was released.

Thereafter defendant answered the bill of complaint. A hearing was had and a divorce decree entered in favor of complainant with provisions for the payment of alimony and solicitor's fees. Defendant paid the solicitor's fees but failed to pay the alimony, and March 31, 1930, upon petition of complainant the court entered an order finding that the alimony had not been paid; that $1,510 was due on that account, and ordering that an execution and a writ of *capias ad satisfaciendum* issue against defendant. The execution and the capias issued on April 3, 1930, and were returned by the sheriff July 30, 1930, wholly unsatisfied and that defendant could not be found.

November 11, 1930, complainant brought suit in the municipal court on the *ne exeat* bond against defendant and the sureties. On the same day a summons was issued returnable November 21, 1930, and was duly served. The suit is still pending.

November 28, 1930, defendant appeared in the superior court without notice to complainant and in her absence. On that date there was entered an order which recited that the matter came on to be heard upon a motion for the surrender of defendant by the sureties on the *ne exeat* bond in order to exonerate

the sureties, and that it appeared to the court that defendant was present. It was therefore ordered:

". . . Defendant be, and he is hereby committed to the custody of the Sheriff to be held until he shall furnish a new *Ne Exeat* bond of $1,000 as was heretofore ordered or his discharge by due process of law.

"It is further ordered that the said sureties on said bond, Bruno Latecki and Ursula Latecki, are hereby exonerated as bail on said bond and are released from any liability under said Writ of *Ne Exeat.*"

January 7, 1931, defendant filed a petition in the superior court case setting up the procurement of the divorce, the issuance of the *ne exeat* writ, the execution of the bond, and the entry of judgment March 31, 1930, for $1,510. The petition averred that November 11, 1930, complainant brought suit in the name of the sheriff for her use against Bruno and Ursula Latecki, filing an action for $1,000 in the municipal court as case No. 2047190, which case was then pending; that on November 28 defendant was surrendered by sureties on the bond and was still in the custody of the sheriff; that the failure of defendant to pay the amount due was by reason of inability beyond his control; that he had been without employment for over a year and a half and was not in possession of any income or any personal or real estate; and prayed that the writ might be quashed and he be discharged.

January 19, 1931, the matter came on to be heard on complainant's motion to vacate the order of November 28, 1930, releasing the sureties on the *ne exeat* bond, and an order was entered reciting that the parties were present in open court and that the court found the facts as heretofore set forth; that November 28, 1930, defendant voluntarily surrendered himself in open court without notice to complainant or her solicitors in exoneration of bail of his sureties.

The order recites the order of November 28 that suit was commenced by complainant upon the bond on November 11, 1930; that the summons was returnable November 21, 1930; that the sureties were duly served with said summons and filed their appearance in the case, which was then pending and undisposed of; that defendant was committed to jail November 28, 1930, until he gave another bond. It was therefore ordered that the order of November 28 should be modified in that Bruno and Ursula Latecki pay instanter to complainant $10, which was taxed as costs in the municipal court case, and the said sum having been tendered in open court to complainant and refused, it was ordered that the sureties were thereby released from any liability under the *ne exeat* bond, and that defendant be discharged from the custody of the sheriff. From this order of November 28 complainant has perfected this appeal.

Complainant contends that the order of November 28, 1930, releasing the sureties on the *ne exeat* bond was void, and that is the question to be decided upon this appeal. We regret that defendant has not appeared. Section 9 of the *Ne Exeat* Act, chap. 97 (Cahill's St. ch. 97, ¶ 9; Smith-Hurd's Ill. Rev. Stat. 1929, p. 1944) seems to be controlling. It provides:

"The surety in any bond for the defendant, as aforesaid, may, at any time before the said bond shall be forfeited, surrender the said defendant, in exoneration of himself, in the same manner that bail may surrender their principal, and obtain the same discharge."

In *Cochran v. People,* 140 Ill. App. 596, this court held that the writ of *ne exeat* was a civil proceeding; that the bond required to be given to exempt defendant from incarceration and detention thereunder was bail in a civil case, and that in the absence of the issuance of a capias and a return thereon as provided by

section 20 of chapter 16 of the Revised Statutes (Cahill's St. ch. 16, ¶ 20; Smith-Hurd's Ill. Rev. Stats. 1929, p. 195) a recovery upon the bail bond could not be sustained; that it was a condition precedent to the right of recovery upon such bond that a writ of *capias ad satisfaciendum* should be issued and returned *non est inventus,* and that the statute was but an enactment of the rule at common law.

In *Gear v. Clark,* 3 Gilm. (Ill.) 64, 65, the court was called upon to consider the question of whether a surety in a bail bond could surrender his principal on or after the return day of the process sued out against the bail, and the court stated in effect that at common law the delivery of defendant to bail being a matter of record, the party was either entitled to a scire facias or he might bring debt, and that although upon the return of the capias with *non est inventus* the recognizance was forfeited and the right of action was complete, yet, in view of the hardship on the bail, the courts adopted rules by which the principal might be surrendered afterwards; that in case the plaintiff proceeded by scire facias, the principal might be surrendered on or before the return day of the second scire facias where two nihils were returned on or before the return day of the first scire facias where it was served and the bail would thereby be discharged; that where plaintiff proceeded by action of debt, the principal might be surrendered in open court within eight days after the return day of the process against the bail. 1 Bac. Abr. 342, was cited. The court further said that in this State this discretionary power had been taken away from the courts by the legislature and the whole matter settled by the law as found in the revised statutes, and that the true construction of the statute then existing was that the surrender of the principal after the return day of the process against the bail did not exonerate him.

In *Cleveland v. Skinner,* 56 Ill. 500, it was held that where there were several sureties on a bail bond and suit was commenced upon the bond against all, the surrender of the principal, either by himself or by one of his bail, before the return day of the original summons in that suit would, upon notice and payment of costs, discharge all; that if service of the summons was upon one only and he failed to make the surrender of the principal and an *alias* summons issued, and that if before the return day thereof another of the bail surrendered the principal, the surrender would not discharge the one whose liability had become already fixed, but that upon notice and payment of costs, not only the one making the surrender but all his codefendants who had not been served with summons, would be discharged.

In *Zimmer v. Thompson,* 286 Ill. 525, suit was brought against the surety on a *ne exeat* bond, and the court said that the bail had the right to surrender his principal at any time before the forfeiture of the bond in exoneration of himself, and that since he had failed to do so, complainant had the right to enforce the obligation of the bond.

The sum and substance of all the cases seems to be that the issuance of the writ of *capias ad satisfaciendum* and the return thereof *non est inventus* has the effect of forfeiting the bond; that the rights of the parties thereby become fixed, and that a surrender by the bail of his principal after that time will not exonerate the surety. The court was therefore without authority to enter the order exonerating the sureties, and it is reversed.

*Reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.