PARKMAN S. NEEDHAM

*v.*

CHARLES CLARY.

1. ESTOPPEL. Where a party made a conveyance of a tract of land to B, and received the purchase money, and afterward brought suit by attachment against A, a former grantee of the plaintiff, whose deed was unrecorded, to recover a sum due from him, and attached the same land, and B interpleaded, claiming title : *Held*, that on the trial of the issue on the interpleader the plaintiff was estopped from defeating the title of B, even by showing that the latter had notice at the time of his purchase of the prior unrecorded deed.

2. JUDGMENT—*upon whom binding.* Where land was attached and a grantee of the plaintiff filed an interpleader claiming title as against the attaching creditor, which the latter attempted to defeat by showing a prior deed from himself to the defendant in attachment and notice thereof to the party interpleading, and the defendant in attachment was in court only by constructive service : *Held*, that a judgment in favor of the party interpleading was not binding as between the two grantees in any future contest between them in respect to the title.

WRIT OF ERROR to the Circuit Court of Coles County ; the Hon. JAMES STEEL, Judge, presiding.

Messrs. HENRY, READ & HUGHES, for the plaintiff in error.

Messrs. WILEY & PARKER, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This was a foreign attachment brought by Needham against Goodwin. The writ was levied on a tract of land. Clary interpleaded, claiming title, and this issue was tried and found for Clary. From the judgment on this finding Needham appealed.

Clary offered in evidence a certificate of entry issued by the general government to Needham, and a deed from Need-

ham to himself, executed in May, 1868, upon a nominal consideration of two thousand dollars, but for an actual consideration, as shown by the evidence, of about four hundred dollars. Needham sought to defeat this title by proving a prior unrecorded deed from himself to Goodwin, and that Clary had notice of such deed when he bought.

It is unnecessary to discuss the question of notice, as we are of opinion that Needham is estopped from defeating, by such proof, his own deed to Clary. He executed it, and received for it a valuable consideration, and he, at least, can not be permitted to say that it was a worthless piece of paper because the title had already been conveyed. We must presume that Needham did not intend to perpetrate a fraud on Goodwin in making this second deed, and that he did not consider the first of legal validity; the evidence shows that he probably acted under this conviction. But whether he thought himself legally authorized to make a second deed or not, he did, in fact, make one, for a valuable consideration, and can not now, for his own benefit, allege that it was of no practical effect.

It can not be said that Needham is merely asserting Goodwin's title, and that he can defeat Clary's deed by any evidence that would have been available to Goodwin. In this suit Needham is not claiming under Goodwin, neither are Goodwin's rights so involved in the decision of this interpleader that a judgment in favor of Clary would prejudice Goodwin in any future trial of title between him and Clary. Goodwin is not in court except by constructive service, and is not a party to this interpleader. The question here is not simply whether Goodwin or Clary would have the better title if the controversy were between them, but it is also whether Needham can, in order to collect an alleged indebtedness from Goodwin, set up his own prior deed against a subsequent one, and ask the court to aid him in perpetrating what seems a fraud. His position is certainly peculiar; he has made deeds to two different persons of the same tract of land, and in order to collect the purchase money from the first grantee,

who has not paid him, he is seeking to sell the title of the second, who has paid him. It should be remarked that there is no evidence of any fraud practiced by Clary upon Needham in order to procure his deed. We are of opinion Needham could not defeat his deed to Clary in the manner he sought to do, and the judgment must be affirmed.

*Judgment affirmed.*