# SUPREME COURT OF ILLINOIS.

81    11
129    44
81    11
130    191

81    11
e207   5264

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1875.

---

## JOHN McNab

*v.*

## HEZEKIAH YOUNG *et al.*

1. SERVICE—*when return of officer sufficient to show.* A return by an officer that he served the —— writ by leaving a true —— of the same in the hands of the defendant, naming him, by every fair and reasonable intendment constitutes a good service.

2. TRUST DEED—*when purposes of trust are accomplished, title is vested in grantee without action of the trustee.* Where the owner of lands conveys them to another in trust, with no interest in the trustee, the owner, when the purposes of the trust are all accomplished, will, without any action on his part, be vested with the legal title, upon which he can maintain ejectment.

3. DEED—*executed in blank, good if delivered after grantee's name is inserted by agent of grantor.* An objection to a deed, that at the time it left the grantor's hands, there was no grantee's name in it, is obviated by proof that the officer who took the acknowledgment of the deed, acting as the agent of the grantor, inserted the name of the grantee therein and then delivered it to the grantee.

4. SAME—*objection that deed was executed in blank can not be made by stranger to grantor's title.* The objection that a deed was executed in blank

and the name of the grantee inserted after delivery, can not be made by one not claiming through or in right of the grantor.

5. INNOCENT PURCHASER—*purchasers of legal title without notice of any fraud or invalidity of deeds will be protected.* Where the legal title to land is vested in a party, and there is nothing appearing from which purchasers can know that there has been any fraud in his acquisition of the title, or any invalidity in any deeds in his chain of title, they will be protected in their purchases.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. S. SMITH, for the appellant.

Mr. EDWARD S. BRAGG, Mr. GEORGE HERBERT, Mr. J. L. LOMBARD, Messrs. NISSEN & BARNUM, Mr. D. G. HAMILTON, Mr. SIDNEY SMITH, Mr. GEORGE A. MEECH, Messrs. BONNEY, FAY & GRIGGS, and Mr. S. E. GROSS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case has been elaborately prepared and ably argued. There is much in the record which might be omitted, tending to complicate the matters in controversy.

We shall not discuss all the questions presented.

Appellant claims title to the premises in this way: One Horatio N. Heald, of Chicago, had become indebted to appellant in a large sum for borrowed money, for which he had executed his notes, and a deed of trust on certain lands and lots, on which there was a school mortgage of some twelve hundred dollars. By some negotiations, about ten thousand dollars of this indebtedness was paid off by Heald, and appellant satisfied the school mortgage and paid the taxes on the land. The trust deed was made by Heald and wife to one Henry Moore.

The balance due from Heald not being paid, and Moore be· yond the jurisdiction of our courts, appellant, a citizen of the State of New York, instructed his agent, John R. Parsons, a resident of Chicago, to institute proceedings in the Circuit Court of the United States for this State, for appellant's benefit.

A bill, on the equity side of that court, was exhibited, in the name of appellant, complainant, and against Heald, Moore, the trustee, and some of his judgment creditors, praying that this deed of trust to Henry Moore should be declared a mortgage security for the benefit of appellant, and that a decree be so entered in favor of appellant, and that it was a security for his benefit, and Moore a mere naked trustee without any interest.

A decree *pro confesso* was taken against Heald, at the July term, 1863, and against all other defendants who had not answered. On reference to the master, the amount found due complainant was twelve thousand dollars, for which a decree passed, and an order of sale of the land.

At this sale, the lands were stricken off to Parsons for fifteen hundred dollars, and a deed executed and report made to the court, which was confirmed.

Parsons, more than four years afterwards, sold and conveyed these lands to Charles W. Clayton, and after his death, his executors, Heyskirk, Young and Mary A. Clayton, sold and conveyed portions of them to the other defendants in the bill, who set up the facts in their several pleas and answers.

The scope of this bill is, to set aside this deed from Parsons to Clayton as fraudulent and void, and the subsequent deeds also made by Clayton to Lombard and the other defendants, and the deeds from the executors of Clayton, be also declared void; and, further, that Parsons be decreed to make a deed to complainant for the lands.

The first point claiming our attention is one made by appellees, that the court had no jurisdiction of the persons in the foreclosure proceedings in the United States Circuit Court. This is based on a blank in the officer's return. The word " copy " is omitted. The return is, " I have, this 10th day of May, 1863, served the ——— writ by leaving a true ——— of the same' in the hands of Horatio N. Heald, also leaving at the usual place of abode of Henry Moore a true copy in the hands of Emily Sutton, and explained the contents to her, she being a white person over twenty years of age."

By every fair and reasonable intendment as to Heald, the service was good. It is impossible to doubt, although the word "copy" is omitted from the whole return, a copy of the writ was left with Heald.

As to Moore, the return is not in conformity with the statute, but he was not a necessary party to the proceeding, being a mere naked trustee, with no real interest in the subject of controversy. Had the purposes of the trust been accomplished Heald would, without action on his part, have been vested with the legal title, on which he could have maintained eject-ment. *Hardin* v. *Osborne,* 60 Ill. 93.

Disposing of these points, we place our decision on the fol-lowing grounds:

The title acquired by Parsons at the judicial sale was the legal title. It nowhere appears, from any record, paper, or writing of any kind, to the outside world, that the legal title was not in him; and there was nothing we can discover, appa-rent anywhere, to put purchasers from Parsons on inquiry. He held the title unchallenged for more than four years, when he sold and conveyed to Clayton.

As between Parsons and Clayton, it may be said Clayton knew of the claim of appellant. This may be admitted, and for this interest or claim, whatever it may have been, Clay-ton became the purchaser from appellant, by a contract not forfeited at the time of his death, and on which large pay-ments had been made by him to appellant. The whole case shows these proceedings in the United States Court were, in part, for the benefit of Heald, as well as that of appellant, and Clayton purchased Heald's interest, paying him five thousand dollars therefor. Parsons, holding the legal title, sold and conveyed it to Clayton. Objections are taken to this deed, executed by Clayton, it not having, when it left his hands, the name of a grantee. This is explained by Parsons' testimony, and a complete delivery was made of the deed after the ac-knowledgment was taken by Hoyne, and the blank filled with Clayton's name by Hoyne, who put it in acting as the agent of the grantor. But the objection, if it be one, can not be

made by one not claiming through Parsons, or in his right. Appellant does not so claim.

For aught appearing, the purchase by Clayton was in good faith, and those made of him by his co-defendants were also in good faith, and with no notice of any infirmity in the title offered to be sold. How could purchasers know, from the record, there was fraud in the transaction or invalidity in deeds? They all appeared fair on the record, and there was nothing *dehors* the record to admonish those desirous of purchasing of any danger or doubt.

Appellant knew, for four years, the legal title had passed to Parsons, but made no effort to divest him. He must have known of Parsons' sale to Clayton, and of Clayton's various sales, as he was frequently in Chicago, but he made no objection, he did not interfere, until the property had passed into various hands and become very valuable.

That appellant has equities in this matter in controversy we do not question, and if properly presented, doubtless they will be decreed to him; but they do not reach to the extent he claims in this bill.

On this point, alone, we affirm the decree dismissing the bill.

*Decree affirmed.*