(No. 15419.—Decree affirmed.)
ALICE SIROIS, Plaintiff in Error, *vs.* CHARLES F. SIROIS *et al.* Defendants in Error.

*Opinion filed June 20, 1923.*

DEEDS—*when a deed will not be set aside because of alleged fraudulent insertion of grantee's name.* The fact that the grantee's name is not inserted in a deed at the time it is executed does not necessarily vitiate the deed if authority is given to insert the name before delivery, and a grantor who seeks to have his deed set aside because the grantee's name was fraudulently inserted and was not that of the intended grantee has the burden of proving the allegation of fraud by clear and convincing evidence.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

C. D. HENRY, and HENRY F. RUEL, for plaintiff in error.

MILLER & STREETER, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error filed a bill in the circuit court of Kankakee county to set aside a deed and a trust deed on the ground of fraud and to enjoin defendants in error, Charles F. Sirois, Claude Sirois and Ernest Blakely, from attempting to dispossess her of the property described in said instruments. The defendants in error filed separate answers. On the hearing the bill was dismissed for want of equity, and the case has been brought here by writ of error.

Charles F. Sirois and the plaintiff in error were married and were living together May 20, 1922, at 230 North Wildwood avenue, in the city of Kankakee, on the property mentioned in the bill. Plaintiff in error had been married twice before. The title to the property in question was in the husband, and plaintiff in error owned one or more lots in Hobbie Heights addition, in the same city. The testimony tends to show that there were attempts made to sell both of these properties, and that by an arrangement between Mr. and Mrs. Sirois the deeds to the two different properties were prepared by their attorney during the last part of May, 1922. There had been talks between the husband and wife and an understanding that when these properties were sold they were to move to California, and according to the wife's testimony, which is borne out in part by that of the husband, they were to invest the proceeds of these sales in a restaurant business in that State. The testimony is not in entire harmony as to the details of their understanding and as to what was actually done in trying to sell these properties. It appears without contradiction that the husband and wife went to the office of attorney J. Harvey Robillard, in Kankakee, and he testified that under their direction he prepared two warranty deeds, one for each property. The testimony of Mrs. Sirois tends to show that it was understood by her and her husband that both pieces of property were at that time practically sold,—her property to a Mr. Kerkering, and the Wildwood avenue property of Mr. Sirois to a Mrs. Hanrahan,—and her testimony is to the effect that in her deed to the Hobbie Heights property the grantee's name was inserted, and that there was a clear understanding between her and her husband that Mrs. Hanrahan's name was to be inserted as grantee in the deed of the husband's property after a door was fixed as Mrs. Hanrahan desired, and that it was represented to her by her husband that Mrs. Hanrahan was to pay for this property $4000 in cash. The testimony on the part of Sirois is to

the effect that both deeds were signed and acknowledged by him and his wife, with the name of the grantee in each deed left blank. Plaintiff in error's testimony is to the effect that Mrs. Kerkering's name and a joint tenancy clause were added to her deed of the Hobbie Heights property after the deed had first been drawn with only the name of Kerkering, the husband, as grantee. The statement of the plaintiff in error as to what took place at the time the deeds were signed is in a general way supported by the testimony of her daughter, Mrs. Walz.

As corroborative of the testimony of the husband that the deed of the Hobbie Heights property as originally drafted was left blank as to the grantee, the original document is before this court for inspection. It shows a distinct difference, in our judgment, in the impression made by the typewriter ribbon as to the grantees' names and the wording as to joint tenancy from the rest of the typewritten part of the deed. The deed indicates that both the husband's and wife's names as grantees and the joint tenancy clause were written with a newer and better-inked ribbon than the rest of the typewritten part,—possibly with another typewriting machine. While this difference of impression is not conclusive, it tends in a measure to corroborate the testimony of the husband as to the time the grantees' names and the joint tenancy clause were inserted in the deed to the Kerkerings.

Counsel for plaintiff in error argue that the name of the grantee in the deed to the Wildwood avenue property from the husband and wife was left blank with the distinct understanding that Mrs. Hanrahan's name could be inserted by the attorney who drafted the deeds at the husband's direction when the change in the door was made satisfactory to Mrs. Hanrahan, and that Mrs. Hanrahan was to pay all cash for the property, and that it was a fraud upon the plaintiff in error's rights to have the name of Claude Sirois inserted in the deed, with the alleged ostensible pay-

ment of $500 by him to the husband and the giving back by him of a trust deed for $4000 on the property to the husband. The testimony of the attorney who drew the deeds for the husband and wife tends to support the husband's version of the transaction as to what took place at the time the deeds were drawn and acknowledged by the husband and wife. The office stenographer of the attorney corroborated, in a large measure, his testimony as to what was said at the time the deeds were acknowledged; and the attorney also testified that he had been approached by plaintiff in error, who said she wanted to have him help her put something over on Charles Sirois, and he told her if she wanted anything like that done she would have to go elsewhere. Claude Sirois testified that he purchased the property from his uncle at the price of $4500, paying $500 cash which he had obtained from his father and giving back a trust deed and a note for $4000 due in two years; that he was a single man, earning $100 a month clear. Charles Sirois testified that he had sold the property in question, where he and his wife were living at the time of the transaction, once before, to one Jorden for $4200, but that his wife refused to sign the deed. There was also testimony by other witnesses as to having looked at the Wildwood avenue property with a view to purchasing it.

Taking the evidence as a whole, it shows that differences had arisen between the husband and wife, and if not arising from the attempt to sell these properties those attempts at least accentuated their differences. At the time they were attempting to dispose of this property the husband wished his wife to vacate the Wildwood avenue premises and move to other quarters, and she refused to move, claiming that the new quarters were very limited and not fitted for proper living quarters for her and her husband. The husband stated that he told his wife on May 26 that he had sold his property to his nephew, and the attorney who drew the deed stated that when he inserted the name of Claude

Sirois in the deed the plaintiff in error was not present, but that the husband and wife had told him when they first came to have the deeds drafted that they each wished to sign a deed to the other's property, and the deeds were to be drawn complete, except that the name of the grantee should be left out in each instance; that they each had prospective purchasers for their respective properties but that neither was sure as to just who was going to buy, and they wanted the deeds drawn and signed in that condition, with the understanding that each should insert the name of the grantee when the property was actually sold. The fact that the grantee's name was in neither deed at the time it was executed did not necessarily vitiate the deed if the authority was given to insert the name before delivery. (*McNab* v. *Young,* 81 Ill. 11; *Osby* v. *Reynolds,* 260 id. 576; 18 Corpus Juris, sec. 57.) The burden of proof was upon the plaintiff in error to prove the allegations of fraud by such clear and convincing evidence as leaves the mind well satisfied that the allegations are true. *Carter* v. *Carter,* 283 Ill. 324.

From a consideration of all the evidence in the record, as well as the original deed to the Hobbie Heights property, we are of the opinion that both deeds were signed in blank, and plaintiff in error, under the circumstances, is not in a position to complain that the deed did not finally contain the name of Mrs. Hanrahan as grantee. (*Maring* v. *Meeker,* 263 Ill. 136; *Loughran* v. *Gorman,* 256 id. 46.) On this record we think plaintiff in error has failed to prove by satisfactory evidence that the deed she signed had the name of the grantee fraudulently inserted and that the deed was fraudulently delivered.

We find no reversible error in the record. Therefore it must be held that the circuit court was right in dismissing the bill for want of equity, and its decree will be affirmed.

*Decree affirmed.*