(No. 24270.

THE KRONAN BUILDING AND LOAN ASSOCIATION, Appellee,
vs. JOHN M. MEDECK et al.—(IDA WINEBRENNER et al.
Appellants.)

*Opinion filed December 15, 1937—Rehearing denied Feb. 17, 1938.*

MATTHEW J. WEISS, for appellants.

PEDEN, MELANIPHY, RYAN & ANDREAS, (JOHN C.
MELANIPHY, and GERALD RYAN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants seek review of a decree of the circuit court
of Cook county foreclosing a mortgage in favor of ap-
pellee. The bill for foreclosure is in the usual form and

alleges the loan of $6300 to John M. Medeck for which he and Rose, his wife, gave their mortgage on the property involved here. The mortgage is dated August 3, 1925. The Medecks defaulted as to their obligations under the mortgage. The bill also alleges acquisition of title to the real estate by appellants as joint tenants by quitclaim deed from the Medecks, dated January 13, 1932, and that the appellants, together with the Medecks, claim some interest in the premises. The Medecks and other defendants, except appellants, defaulted.

Appellants answered denying that the Medecks were then, or at any time had been, the owners of this property and alleged that Lars O. Kohlstrom, who was the holder of the title, died on June 24, 1925, leaving Kristina E., his widow, and the appellants, his children, his only heirs-at-law, and that Kristina E. Kohlstrom died on August 30, 1931, leaving appellants surviving her as her only heirs-at-law. They also allege that the purported deed of Lars O. and Kristina E. Kohlstrom to the Medecks, is a forgery, or, if not forged, it was executed on the date it bears, May 7, 1925, without a grantee; that Kohlstrom died before any grantee was named in the deed, and that the names of the Medecks were thereafter inserted in the deed. The answer alleges that the deed is void and that the mortgage of the Medecks is a cloud on their title, and prays that the complaint be dismissed. Appellants also filed a counter-claim averring that they were seized of the fee simple title to the premises involved and prayed that the mortgage be declared a cloud upon their title and set aside.

Upon appellee's replication to the answer and answer to the counter-claim denying title in the appellants, other than by virtue of a deed to them in joint tenancy from the Medecks, and pleading estoppel and *laches,* the cause was referred to a master who, on hearing evidence, reported that the equities were with appellee; that appellants had failed to sustain their allegations concerning Medeck's title

when the mortgage was executed, and had offered no evidence of forgery. The master also found that appellants are the present record owners of the equity in the real estate by reason of a quitclaim deed of the Medecks, and that their rights are subordinate to the lien of the appellee, and recommended that the mortgage be foreclosed. The decree was in accordance with the master's report.

Numerous assignments of error are made by appellants. Appellee questions the jurisdiction of this court on the ground that a freehold is not involved and that the circuit court, in passing upon the issue involving title could not, by that means, confer jurisdiction on this court on direct appeal. Prior to the adoption of the Civil Practice act the rule was that where the relief sought by a bill was to foreclose a mortgage and to decree the title of the defendants, received by deed from the mortgagors subsequent to the execution of the mortgage, to be subordinate to such mortgage, the issues did not involve a freehold, and that issues of title were not germane to a foreclosure proceeding. *Jones* v. *Horrom,* 363 Ill. 193; *Lithuanian Alliance* v. *Home Bank and Trust Co.* 362 id. 439; *Nat. Bank of the Republic* v. *168 Adams Building Corp.* 359 id. 27; *Van Meter* v. *Thomas,* 153 id. 65.

The first paragraphs of sections 38, 43 and 44 of the Civil Practice act, (Ill. Rev. Stat. 1937, pp. 2392, 2393 and 2394,) have to do with the filing of claims and counterclaims. Paragraph 1 of section 38 is as follows: "Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counter-claim." Paragraph 1 of section 43 is as follows: "Parties may plead as many causes of action, counter-claims, defenses, and matters in

reply or rejoinder as they may have, and each shall be separately designated and numbered." Paragraph I of section 44 provides: "Subject to rules any plaintiff or plaintiffs may join any causes of action, whether legal or equitable or both, against any defendant or defendants; and subject to rules the defendant may set up in his answer any and all cross-demands, whatever, whether in the nature of recoupment, set-off, cross-bill in equity or otherwise, which shall be designated counter-claims. * * * Legal and equitable issues may be tried together where no jury is employed."

The effect of the recognition of these provisions of the Civil Practice act has not heretofore been considered by this court. The cases herein cited have been such as arose before January 1, 1934, when the Civil Practice act went into effect. Sections 38 and 44, quoted, contain the language "subject to rules." The only rule of this court touching upon this subject is rule II, which reads, in part, as follows: "And the equitable issues shall be heard and decided in the manner heretofore practiced in courts of equity." This language, as it indicates, applies to the method of procedure concerning the hearing and decision of equitable issues. There is no rule of this court which prevents a joining of the various issues involved in this proceeding in a single action. The language of these sections quoted is clear, and in the absence of a rule preventing joinder of issues of title with that arising on a bill to foreclose, it is equally clear that such issues may be joined under those sections of the Civil Practice act. The question arising on the counter-claim of appellants put in issue a freehold, and this court has jurisdiction on direct appeal.

Appellants say that the testimony shows that the deed bearing date May 7, 1925, from the Kohlstroms to the Medecks, contained no grantee and no such name was inserted until after the death of Kohlstrom. They rely for proof of this assertion upon the testimony of John M.

Medeck. He testified, in effect, that at the time he took the deed his name was inserted and that this was after the death of Kohlstrom. Appellee argues that this testimony of Medeck is incompetent for the reason that he, having warranted his title to the appellee, will not be permitted to deny that title. Appellee's counsel also say that Medeck is not a credible witness.

It has long been the rule in this State that a warrantor of title is not permitted to assail the title he has covenanted to maintain. (*Biwar* v. *Martin,* 294 Ill. 488; *Lagger* v. *Mutual Union Loan Ass'n,* 146 id. 283; *Dobbins* v. *Cruger,* 108 id. 188.) As was said in the *Dobbins case,* "It would be a solecism to say a party may destroy that which, at the same instant, he must uphold." To the same effect are *Needham* v. *Clary,* 62 Ill. 344, and *Wead* v. *Larkin,* 54 id. 489. In Volume 21, Corpus Juris, section 27, at page 1068, the rule is there stated, and supported with authorities cited, that a mortgagor is estopped to assert anything in derogation of the rights which the instrument which he executed purports to convey, and he will not be heard to say that at the time of the execution of the mortgage he had no title but that there was an outstanding title in a third person. It is also the rule that one who has parted with all his interest in real estate cannot defeat the title of his innocent grantee by making statements or admissions in disparagement of his title thereto. *Holton* v. *Dunker,* 198 Ill. 407.

The Medecks received $6300 from the plaintiff and gave their mortgage warranting the title. Counsel for appellants say that this rule is applicable only where the mortgagor is a party to the proceeding and that, in this case, he is not interested in one way or another in so far as the title is concerned, and appears only as a witness. Medeck was a party defendant to the lawsuit, and whether he be a party or a witness, only, or in whatever capacity he does, in fact, appear, the result is the same. He is endeavoring to destroy the title he has warranted. This the law justly

estops him to do. Medeck's testimony was the only evidence concerning this supposed defect in his title, and whether he or his grantees are to receive the benefit of his testimony is wholly immaterial. If the title in him is to be defeated, that defect arises through his act in testifying. The law would be weak, indeed, if it were unable to reach a situation of this kind. If, by the simple device of refusing to appear when summoned as a party, a mortgagor, who has deeded away the property, may be permitted to testify as a witness in aid of one claiming an adverse title, not only would the rule estopping such mortgagor to deny the title he had warranted be thwarted but the door to fraud would be thrown wide open. Medeck's testimony was not competent. There was no competent testimony in this record of Medeck's title when this mortgage was executed, other than his warranty in the mortgage and the record showing title in him when he executed the mortgage.

The defendants offered in evidence a document purporting to be an unrecorded contract for a deed to these premises executed between Kristina Kohlstrom and one William J. Riddell, dated July 15, 1925. Such an instrument could have no effect on the validity of Kohlstrom's deed to Medeck. Other evidence concerning the attempt of the appellants to secure settlement regarding the property after the death of Kristina Kohlstrom constituted evidence of self-serving action on their part and cannot affect the validity of the mortgage. Moreover, a matter of no little importance in determining the attitude of the appellants in this case prior to the foreclosure, is the fact that they took a quitclaim deed from the Medecks to them as joint tenants, and not as tenants in common, and made no claim to any interest in the premises prior to that deed. This deed could scarcely be viewed as an attempt to clear up their claimed title as heirs of Kohlstrom. The Medeck deed to them conveyed an entirely different title.

On an examination of the record we are of the opinion that the competent evidence does not overcome the proof of the validity of the mortgage as a first lien.

The decree of the circuit court awarding foreclosure is right, and it is affirmed.

*Decree affirmed.*