(No. 26154.— )

THE TRUST COMPANY OF CHICAGO *vs.* THE DORCHESTER TERRACE BUILDING CORPORATION *et al.*—(AARON BRENNER, Appellee, *vs.* WILLIAM R. HENRICKSEN *et al.* Appellants.)

*Opinion filed September 15, 1941.*

ALFRED M. LOESER, (HAROLD Z. NOVAK, of counsel,) for appellants.

HARRY Z. and BERNARD PEREL, (ABRAHAM H. MALLER, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by William R. Henricksen and William M. Breckenridge from two orders entered by the superior court of Cook county. One of the orders was en-

tered October 17, 1940, and the other December 18, 1940. The appeal was taken directly to this court because it is alleged and claimed that a freehold is involved.

The record shows that sometime prior to November 12, 1931, the Trust Company of Chicago filed a complaint in the superior court of Cook county for the foreclosure of a mortgage against the Dorchester Terrace Building Corporation. The property involved is described as 5463-81 Dorchester avenue, in the city of Chicago. On that date, a decree for foreclosure was entered. The property was sold by the master under the decree on September 17, 1940, subject to the statutory right of redemption. On September 23, 1940, appellee, Aaron Brenner, filed a petition in said foreclosure suit in which he alleged that he was the owner of the equity of redemption in said property. The prayer of this petition was that the receiver of the property, which had been theretofore appointed by the court, in the foreclosure proceedings, be discharged and that possession of the property be delivered to him. To this petition appellant William R. Henricksen as chairman of the bondholders' protective committee for first mortgage bonds of the Dorchester Terrace Building Corporation, filed an answer. Appellant William M. Breckenridge, as a bondholder, on behalf of himself and all other bondholders similarly situated, also answered the petition of appellee.

On October 15, 1940, appellant Breckenridge, as such bondholder, by leave of the court, also filed a petition in the case. In this petition he alleged that the property had been sold under the foreclosure decree resulting in a deficiency in the payment of the mortgage debt, which it was alleged "would be made payable" to the bondholders. It was further alleged that appellee had filed his petition in the cause claiming to be the owner of the equity of redemption for the purpose of defeating the rights of the bondholders in the deficiency and in the equity of redemption. This petition further alleged that the deed under

which appellee claimed title to the premises, and certain other prior deeds in appellee's alleged chain of title, were void and denied that appellee had any interest in the property.

Appellee claimed title as remote grantee of Aaron Pitman, who, it is claimed, acquired title under a quitclaim deed alleged to have been executed by the Dorchester Terrace Building Corporation on February 26, 1931. It is contended by appellants that this deed was void and ineffective for several reasons alleged in the petition of appellant Breckenridge, and also in his answer, and the answer of appellant Henricksen, to the petition filed by appellee. The principal objections to the Pitman deed may be stated as follows: (1) That said deed, when executed by the grantor the Dorchester Terrace Building Corporation had no grantee named therein. That the name of Pitman was inserted in the deed as grantee more than five years after it was executed. (2) That said deed was never delivered to the grantee, or to his agent. (3) That the deed purported to convey all the property and assets of the corporation and was not authorized by a two-thirds vote of the stockholders of the corporation. (4) That the deed was executed by the corporation solely for the benefit of the bondholders of the corporation for the purpose of preserving the title to the property for their use and benefit and with the result that a resulting trust, for their use and benefit, was created, or arose, as a matter of law. (5) That the deed was not executed by the officers of the corporation.

It was also claimed that the deed was not properly acknowledged. On the hearing it was conceded that the deed was not so acknowledged, and that question is out of the case. The only effect of the lack of a proper acknowledgment was to require proof of its execution before it would be admissible in evidence.

The record in this case demonstrates the finesse with which intercorporate relations sometimes operate. One A. C. Thompson was the owner of at least one-half, if not all, of the capital stock of the Dorchester Terrace Building Corporation. He was also president of Continental Bond and Mortgage Company. It appears that he had used funds of the mortgage company for the purpose of purchasing properties on which bonds would be issued by a corporation organized for the purpose of holding title, secured by a trust deed on the properties purchased. As a part of this program, and for this purpose, the Dorchester Terrace Building Corporation seems to have come into existence. In 1930, the Continental Bond and Mortgage Company was placed in bankruptcy. Certain steps were taken by the trustee in bankruptcy in an effort to discover assets belonging to the bankrupt. In this the trustee seems to have had the assistance of the Federal Bureau of Investigation. It was this investigation evidently which led to the execution of the Pitman deed. That deed was signed by Hamilton and Barnett, purporting to be acting as president and secretary, respectively, of the Dorchester Terrace Building Corporation. There is no satisfactory proof in the record that they were not such officers at the time the deed was executed. The record warrants the conclusion that no grantee was named in the deed at the time of its execution. The deed came into the hands of the trustee in bankruptcy, in that condition. By whom, or when, or how, it was delivered to, or reached the possession of the trustee, the record does not disclose. There is, however, some evidence tending to show that the offices of some of the former officers of the bankrupt were raided by the Federal Bureau of Investigation and the deed, with other papers, seized and delivered by these officers to the trustee in bankruptcy. Later, the trustee, under an order of the bankruptcy court, sold, in bulk, all of the

assets, papers and documents in his possession belonging to the bankrupt. Included in these papers and documents was the deed above referred to. Aaron Pitman was the purchaser at that sale. Apparently his name was inserted in the deed as grantee at the time it was delivered to him by the trustee in bankruptcy as the purchaser at said sale. Pitman afterwards conveyed to another who later executed the quitclaim deed to appellee.

While this recital of facts has seemed necessary to a proper understanding and consideration of the case, in view of the conclusions which we have reached it becomes unnecessary for us to consider, or determine, the validity of that deed.

Appellee filed a motion to dismiss the appeal on the ground that the questions involved had become moot and that appellants had no right to appeal for the reason that they were not prejudiced or aggrieved by the orders appealed from. On the showing made in the motion, and the suggestions in support thereof, the motion was denied.

The appeal is from two separate orders entered by the trial court. The first order appealed from was entered on October 17, 1940. By that order the court found that appellee was the owner of the equity of redemption. It discharged the receiver theretofore appointed by the court and directed that possession of the property be turned over to appellee. It further required him to give bond and to pay over the net rentals to the plaintiff in the suit, during the period of redemption.

The second order involved in the appeal was entered on December 18, 1940. This was an order denying a motion of appellants to vacate the order of October 17, 1940, and for a rehearing in the cause.

The only question remaining in the record arising out of the order of October 17, 1940, is the adjudication of the ownership of the equity of redemption, in appellee, by that order. In all other respects that order was super-

seded by an order of December 20, 1940, from which, according to the statement in appellants' brief, no appeal was taken. No alleged errors in entering that order are argued or pointed out in appellants' brief.

At the threshold of the inquiry we are confronted with the question of the right of appellants to object to, or appeal from, the order of October 17, 1940. Appellants appear in this case only as owners of bonds and as a bondholders' protective committee for the owners of bonds issued by the Dorchester Terrace Building Corporation, and which bonds evidently constituted the evidence of the indebtedness involved in the foreclosure suit. They have no other interest. This indebtedness has been merged in the decree of foreclosure. The property has been sold. Appellants have no interest in, or right or title to, the property. By this sale the property has been freed from the lien of the mortgage. *Hack* v. *Snow*, 338 Ill. 28.

If the deed to Pitman was operative as a conveyance, the Dorchester Terrace Building Corporation, the party primarily liable for the mortgage debt, conveyed all its interest in the property prior to the date the foreclosure decree was entered. On the other hand, if the deed to Pitman be held to be invalid and inoperative as a conveyance, appellants would be in no better position. The difficulty with appellants' contentions is they erroneously assume that they have some interest in the title to the mortgaged property. As a matter of fact, their only rights are those vested in them as creditors of the mortgagor.

Any finding, or decree, of the court as to who was the owner of the equity of redemption did not affect appellants in any way. As to them, the ownership of the equity of redemption is wholly immaterial. It is, therefore, shown by the record that appellants have no such interest in the equity of redemption as would give them the right to litigate the question of the ownership, or title, thereto. Neither had they any right to appeal from the order en-

tered on October 17, 1940, finding appellee to be the owner of the property, subject to the foreclosure decree. (*Friend v. Cohen,* 160 Ill. 185; *White Brass Castings Co.* v. *Union Metal Castings Co.* 232 id. 165.) Their rights were in nowise affected by that order. They have lost nothing and will lose nothing by that order. As already pointed out, before that order was entered appellants had only a right of redemption as creditors of the mortgagor. Nothing in the order affects that right in any way. Such right was always subject to the right of parties to the suit and their assignees to redeem under section 18 of the act relating to judgments and decrees. Ill. Rev. Stat. 1939, chap. 77, par. 18.

What is said above applies also to the order entered on December 18, 1940, denying the motion of appellants to vacate the order of October 17 and for a rehearing. The rights of appellants were not affected by that order. They are in no position to complain.

In the beginning of the statement in appellants' brief, their appeal is limited to the two orders mentioned above and which we have already considered. In the ninth paragraph of their statement of errors relied upon for reversal, as required by rule 39 of this court, (370 Ill. 44,) it is stated that the court erred in leasing the property to appellee by the order entered on December 20, 1940. This point is not mentioned further in the brief except in the last paragraph we are asked to reverse the orders of October 17, 1940, December 18, 1940, and December 20, 1940. By the order of December 20, the order entered on October 17 was modified to the extent that the property was leased, by the order, to appellee for a cash rental of $5000, during the balance of the period of redemption. All provisions of the order of October 17, in conflict with the order of December 20, were vacated and set aside.

Moreover, the order of December 20, was not a final appealable order. It was simply an order concerning the

leasing and management of the property during the period of redemption. Even if the point had not been waived, appellants cannot sustain this appeal from that order because it was not an appealable order.

That appellants have no right to appeal from the order of October 17, or the order of December 18, because they have been in no way injured or aggrieved. by those orders, is too well settled to require the further citation of authorities. It follows that the appeal must be dismissed.

Appellants were not prejudiced or aggrieved by the orders appealed from. The motion heretofore filed by appellee to dismiss the appeal was improperly denied. The appeal is dismissed.
 *Appeal dismissed.*