(No. 29647.— )
Elizabeth Margaret Lewis, Appellant, *vs.* Sophie J. Blumenthal *et al.,* Appellees.

*Opinion filed January 22, 1947.*

CLOYES & CAVENDER, of Chicago, for appellant.

HARRY Z. and BERNARD PEREL, both of Chicago, for appellee Sophie J. Blumenthal.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

The plaintiff, Elizabeth Margaret Lewis, appellant herein, purchased at foreclosure sale certain real estate, and obtained from the master in chancery a certificate of sale. The complaint, filed in the circuit court of Cook county, asks that a master's deed be executed and delivered to plaintiff, and that a certificate of redemption be declared void. The defendants are Sophie J. Blumenthal, and Henry L. Burman, master in chancery. The former, hereinafter referred to as defendant, redeemed from the sale as the grantee of the owner. The master is made party because he issued the certificate of redemption. The circuit court entered a decree dismissing the complaint for want of equity. A freehold is involved because plaintiff seeks to take title from defendant and have it vested in her. *Sanford* v. *Kane,* 127 Ill. 591.

The contention of the plaintiff is that the defendant never acquired any interest in the equity of redemption because one of the deeds in the chain of title from the mortgagor was delivered without containing therein the name of the grantee. The real issue in the case is whether plaintiff is in a position to urge this contention, even if the deed is subject to the objection made by her.

Other questions are set forth which have no relevancy to the controversy. One of them arose out of the effort

of certain bondholders to intervene in the proceeding, which question was disposed of in this court by order holding they had no interest in the premises authorizing an appeal. (*Trust Company of Chicago* v. *Dorchester Terrace Bldg. Corp.* 377 Ill. 368.) Another is the litigation between appellant and one Warnholtz, as to who was the real owner of the certificate of sale, which was decided in the Appellate Court, and in which we refused to allow an appeal.

These matters eliminated, the facts are comparatively simple. The Dorchester Terrace Building Corporation was the owner of certain real estate known as 5463-81 Dorchester Avenue. It executed a mortgage upon which it made default, and suit for foreclosure was brought in the superior court of Cook county, and a decree of foreclosure entered on November 12, 1931. The litigation pointed out above delayed a sale of the premises until September 17, 1940, at which time plaintiff became the purchaser and received the master's certificate of sale. The record discloses that the mortgagor executed a deed dated February 16, 1931, to a certain Aaron M. Pitman, which was not recorded until some time in 1936. On May 14, 1940, Pitman deeded to Julius J. Schwartz, which deed was recorded May 17 of the same year. On August 2, 1940, Julius J. Schwartz conveyed to Aaron M. Brenner, which deed was recorded on the same date. On December 30, 1940, Brenner conveyed the property to the defendant, Sophie J. Blumenthal, which deed was recorded on January 4, 1941.

While the foreclosure proceeding was in progress a receiver had been appointed, but approximately thirty days after the master's sale a petition was filed in said foreclosure proceeding by Aaron M. Brenner, the then record owner of the property, praying that the receiver be discharged, and that he be put into the possession of the property and furnish bond, as may be ordered by the court, and deposit the net income as the court may require. Upon

the hearing the court found that Brenner was the owner of the equity of redemption in the property, and the petition of certain bondholders, who sought to intervene and raise the defense that the deed to Pitman was void, was stricken by the court and the receiver ordered to file his final report and turn the property over to Brenner upon the latter giving bond. The intervenors mentioned in this order were those whose appeal was dismissed in *Trust Company of Chicago* v. *Dochester Terrace Bldg. Corp.* 377 Ill. 368. This case is a separate and new proceeding brought by plaintiff to compel the master to deliver a deed to her, as purchaser, and to cancel the certificate of redemption, and to decree that the defendant has no interest in the premises by reason thereof.

The appellant makes the claim: (1) that the deed conveying the premises from the corporation to Pitman was absolutely void because the grantee was not named therein; and (2) that the order entered in the foreclosure proceeding finding Aaron M. Brenner was the owner is not *res judicata* of the plaintiff's claim. The appellees contend: (1) that the order entered finding Brenner was the owner is conclusive, and cannot be collaterally attacked; (2) that the evidence falls far short of establishing the deed to Pitman void; and (3) that even though the name of the grantee was not inserted at the time the deed was written, the circumstances disclosed the deed would have been valid if the name was later inserted under circumstances disclosing it was done by an agent of grantor.

On the question of fact as to whether the deed from the corporation to Pittman was executed in blank the evidence is very unsatisfactory. The testimony was taken before a master in November, 1943, almost thirteen years after the date of the deed. The affairs of the corporation had been continuously in litigation, either in foreclosure or bankruptcy proceedings, and some of the witnesses had

testified at earlier hearings contrary to their testimony before the master. The witnesses were the secretary and the principal owner of the stock of the corporation. They have claimed the name of the grantee was not in the deed when they signed it. They say nothing about delivery. The president of the corporation did not testify for plaintiff. The proof shows the name of the grantee was inserted in a deed in upper case letters instead of lower, which does not establish this is a forgery, as it is common practice to write the names of the grantors and grantees in upper case letters. To explain the difference in their testimony now and upon the former occasion, they said it has been refreshed, but no event or circumstance which would refresh their recollection is disclosed.

Schwartz, who was an attorney, testified he examined the tract books of Cook county in 1940, and was of the opinion Pitman had a good title, and purchased from him. Hamilton, the president of the corporation, testified he believed the deed was in the same condition now as when it was delivered. It is upon the testimony of the parties to the deed, twelve years after their signatures as officers and not as owners, that the deed is sought to be impeached.

Evidence of a clear and convincing character must be produced to establish that a deed has been forged or altered. (*Oliver* v. *Oliver,* 110 Ill. 119; *Riggs* v. *Powell,* 142 Ill. 453; *Oliver* v. *Ross,* 289 Ill. 624; *Sirois* v. *Sirois,* 308 Ill. 453.) In these cases there was evidence to establish the change. Here is nothing but the recollection of the absence of the name; no proof that anybody changed or altered it. The evidence is not of the character that is required in such cases. All the persons who acted as agents of the corporation at the time the deed was signed testified, *viz.,* Hamilton, the president of the corporation, Barnett, the secretary, and Thompson, the owner of all the stock. While Thompson says he never delivered the deed to anyone, since he was not an officer of the corporation it was

not his business to do so. Barnett limits his testimony to the time the deed was signed, and Hamilton, the president, does not know, but thinks the name of the grantee was on the deed. It was necessary to show the name of the grantee was not in the deed at the time of delivery, as agents of a grantor by inserting the name of a grantee may estop him from raising such a defense, even though done after delivery. (*McNab* v. *Young*, 81 Ill. 11; *Osby* v. *Reynolds*, 260 Ill. 576.) On either question the proof was insufficient to invalidate the deed.

There is, however, another conclusive reason barring plaintiff's recovery. She was a privy to the foreclosure proceeding, because one who succeeds to the property of another as a purchaser at either a voluntary or involuntary transfer becomes a privy to the transaction. (*Towle* v. *Quante*, 246 Ill. 568; *Reid* v. *Morton*, 119 Ill. 118; *Moore* v. *Shook*, 276 Ill. 47.) We have held that under the Civil Practice Act the question of legal title may be raised and determined in a foreclosure proceeding. *Kronan Building and Loan Ass'n* v. *Medeck*, 368 Ill. 118.

In releasing the possession of the property from the receiver to the owner it was pertinent to ascertain who was the owner, and in the foreclosure proceeding it was ascertained and determined that Brenner was the owner, even though certain intervening bondholders made the same claim in that case that is made here. The attack in this case is upon this order entered in the foreclosure case. It is a collateral attack upon a proceeding in another cause. The appellant says the doctrine of *res judicata* does not apply to an interlocutory order. She may be technically correct that *res judicata* applies to final adjudications, but the principle forbidding collateral attack, however, has a broader scope than *res judicata,* and is applicable to interlocutory orders. *Zimmer* v. *Thompson*, 286 Ill. 525; *State of Missouri ex rel. Van Hafften* v. *Ellison*, 285 Mo. 30, 226 S. E. 559 (note 12 A.L.R. 1165).

The *Ellison case* considers the subject very fully, and points out the difference between *res judicata* and collateral attack, and lays down the principle that while a judgment must be final on the merits to invoke *res judicata,* the rule for applying collateral attack is different, saying: "Each and every step taken or order made in the proceeding, whether it concerns the merits or not, is just as impervious to collateral attack as the final judgment on the merits; * * * and that an interlocutory order, no matter how erroneous, if not void, will justify or protect all persons as completely as the final judgment itself." It is said that a contrary theory would tend to frustrate the policy of the law to prevent matters once judicially determined from being drawn again into litigation. Numerous authorities are cited in this case as well as most of the standard textbooks upon the subject, which adhere to the same view. This principle would, of course, not apply if there were a total want of jurisdiction, but in *Rabbitt* v. *Weber & Co.* 297 Ill. 491, jurisdiction is pointed out to be of two kinds, jurisdiction of the subject matter and of the person, and both must concur or the judgment will be void in any case in which the court has assumed to act.

There is no contention the court did not have jurisdiction of the foreclosure case or jurisdiction to place the possession of the property in the hands of the owner, the contention being that plaintiff was not a party to that proceeding. As pointed out above, she became a privy to the judgment and proceedings in that case by acquiring property sold on foreclosure, and the rule of the binding force of a judgment or of an interlocutory order on collateral attack applies alike to parties and privies. *Chamblin* v. *Chamblin,* 362 Ill. 588.

For the reasons herein stated, the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*