(No. 34766.—

Edson S. Willaman, Jr., Appellant, *vs.* Joseph D. Lohman, Sheriff of Cook County, *et al.,* Appellees.

*Opinion filed September 18, 1958.*

LOESCH, SCOFIELD & BURKE, of Chicago, for appellant.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, and EDWIN A. STRUGALA, of counsel,) for appellee Joseph D. Lohman, Sheriff; and BREEN AND BRUMLIK, of Chicago, for appellee Bessing, Funk & Steinke, Inc.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The question in this case is whether or not a judgment debtor made a valid redemption from an execution sale. The property in question was sold by the sheriff of Cook County on March 23, 1955, for the sum of $1,735.75 to satisfy a judgment entered on February 10, 1955, for $1,642 and costs. On March 14, 1956, the judgment debtor paid $1,844.65 to the sheriff and received a certificate of redemption.

Thereafter the plaintiff, who is an assignee of the purchaser at the execution sale, demanded that the sheriff issue a deed to him. When the sheriff refused on the ground that a redemption had been effected, the plaintiff commenced this *mandamus* action to compel the issuance of a deed. The sheriff and the judgment debtor answered, stating the facts concerning the redemption. The plaintiff moved to strike the answers and when the court denied his motion he elected to stand by it. Judgment was entered for the defendants and plaintiff appeals. A freehold is involved. *Lewis* v. *Blumenthal,* 395 Ill. 588; *People* v. *Hess,* 7 Ill.2d 192.

It is not disputed that the judgment debtor paid to the sheriff the correct amount necessary to effect a redemption.

Plaintiff contends, however, (1) that the certificate of redemption "properly construed" shows on its face that the sheriff did not receive from the judgment debtor an amount sufficient to effect a redemption, and (2) that the sheriff's certificate is invalid under a proper construction of the applicable statutes. In our opinion the trial court properly rejected both contentions.

The certificate of redemption identified the judgment upon which the execution was issued, the property sold and the purchaser. It continued: "The full sum of purchase money was Seventeen Hundred Thirty Five Dollars and seventy-five cents, and the said Edson S. Willaman, Jr. Administrator of the Estate of Edson S. Willaman, Sr. received from the said then Sheriff a certificate of such sale, stating the said purchaser would be entitled to a deed of said premises on the 23rd day of June A.D. 1958, unless sooner redeemed: * * * And whereas, the said defendant * * * has this day, in accordance with the statute in such case made and provided, paid to me as such Sheriff, Seventeen Hundred Thirty Five dollars and. seventy-five cents, the same being the amount for which said premises were sold, with interest thereon at the rate of six per cent per annum from the date of such sale to this time, for the use of the said purchaser of said premises * * * Now therefore I * * * do hereby certify that said premises have this day been redeemed from said sale by said judgment debtor in accordance with the provisions of the statute."

Plaintiff argues that because the certificate of redemption "stated that the judgment debtor paid to the sheriff only $1735.75, whereas the judgment debtor had paid the sheraff $1844.65, the amount actually due to redeem, the plaintiff was entitled to rely on the record, and assume that the redemption was not a valid redemption. * * * The amount of money stated in the certificate of redemption is

the amount of money tendered of record to the holder of the certificate of sale, to redeem from the sale, and if the amount of money stated in the certificate of redemption which has been recorded is incorrect, the holder of the certificate of sale could rightfully refuse the money so tendered, and at the end of 15 months insist upon a deed from the sheriff."

The applicable statutory provisions are sections 18 and 19 of the Judgments Act. (Ill. Rev. Stat. 1955, chap. 77, pars. 18 and 19.) Section 18 provides: "Any defendant * * * may * * * redeem the real estate so sold by paying to * * * the sheriff * * * for the benefit of such purchaser * * * the sum of money for which the premises were sold or bid off, with interest thereon at the rate of six per centum per annum from the time of such sale, whereupon such sale and certificate shall be null and void." Section 19 makes it the duty of the "officer or person from whom such redemption takes place, to make out an instrument in writing, * * * evidencing said redemption, which shall be recorded in the recorder's office of the proper county, * * *."

Plaintiff misreads both the certificate of redemption and the governing statutes. The certificate twice identifies the sum of $1,735.75:—once as "the full sum of purchase money," and the second time as "the amount for which said premises were sold." And it states that that amount has been paid to the sheriff "with interest thereon at the rate of six per cent per annum from the date of such sale to this time." There is no statutory requirement that the certificate recite the sum of the sale price plus the interest due thereon. The certificate conformed literally with the statute. This court has often emphasized the strong policy that exists in favor of allowing redemptions from judicial sales. (See, *e.g.*, *Skach* v. *Sykora*, 6 Ill.2d 215, 221; *Mohr* v. *Sibthorp*, 395 Ill. 418, 424.) Even if the matter was

.doubtful, and we entertain no doubt, the judgment would have to be affirmed because the statutes concerning redemption were not intended to erect artificial barriers or to foster unjust enrichment.

*Judgment affirmed.*